IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff-Respondent, § § V. § § JOSE MARIO MORALES-RICO, § § Defendant-Movant § | CRIMINAL ACTION NO. H-03-281 CIVIL ACTION NO. H-05-1070 |

## MEMORANDUM AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS, AND DENYING MOVANT'S § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is Movant Jose Mario Morales-Rico's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 38)[1] and Memorandum in Support of § 2255 Motion (Document No. 39), and the United States' Answer and Motion to Dismiss (Document No. 41). After reviewing Movant's § 2255 Motion and Memorandum in Support thereof, the Government's Answer and Motion to Dismiss, the record of the proceedings before the District Court in the underlying criminal case, and the applicable case law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the United States' Motion to Dismiss (Document No. 41) be GRANTED, that Movant's Motion to Vacate, Set Aside, or Correct Sentence (Document No. 38) be DENIED, and that this § 2255 proceeding be DISMISSED.

---

[1] Jose Mario Morales-Rico's Motion to Vacate, Set Aside or Correct Sentence can be found at Document No. 1 in Civil Action H-05-1070 and at Document No. 38 in Criminal Action No. H-03-281. References hereafter will be to the Criminal Document numbers unless otherwise indicated.

I.      **Procedural History**

Movant Jose Mario Morales-Rico ("Morales-Rico"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Morales-Rico's first attempt at § 2255 relief.

Morales-Rico was charged in a one-count indictment on July 30, 2003, with being unlawfully found in the United States after being previously excluded, deported and removed, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). (Document No. 1). Morales-Rico pleaded guilty without a written Plea Agreement on September 19, 2003. (Document No. 17, Transcript of Rearraignment, Document No. 33). At Morales-Rico's Rearraignment Hearing, the following exchange took place concerning the underlying basis of Morales-Rico's earlier deportation and his underlying aggravated felony conviction:

> Mr. Kusin: Yes, Your Honor. The defendant was convicted on March 4, 1996 of the offense of aggravated assault in Hillsborough County, Florida and was sentenced to do 28 months confinement.
>
> On November 6, 1997, the defendant was deported from Miami, Florida to Mexico. On June 28, 2003 the defendant was found in Columbus, Texas. The records of the INS Central Index System, along with the defendant's A file, have been checked. There is no evidence that this defendant has ever received permission from the United States to apply for readmission.
>
> Finally, this defendant's fingerprints have been compared with the fingerprints of the person under--who was convicted of the underlying offense and the person who was deported from the United States. They belong to one and the same person.
>
> The Court:  Mr. Morales-Rico, tell me in your own words what it is you did to commit the crime you're pleading guilty to this morning.
>
> The Defendant: I didn't understand very well what you want me to do.
>
> The Court: All right. I just want to know in your own words what it is you did. You are pleading guilty to the crime. I just want to know what it is you did.

The Defendant: Oh. I'm pleading guilty because I crossed back illegally into the United States.

The Court: Okay. Any you had previously been deported from the United States?

The Defendant: Yes, ma'am.

The Court: And you had— were deported at that time after you were convicted of an aggravated felony; is that right?

The Defendant: Yes, ma'am.

The Court: And you didn't ask permission to come back into the United States from the Government; is that right?

The Defendant: Your Honor, I didn't know how to do it. That is why I didn't do it.

The Court: Okay. But you didn't do it?

The Defendant: No, I didn't do it. (Document No. 33, pp. 11-12).

Prior to sentencing, a Pre-sentence Investigation Report ("PSR") was prepared (Document No. 21), to which no objections were filed by Morales-Rico. (Document No. 19). Pursuant to the PSR, Morales-Rico's sentence was calculated as follows: (1) In calculating Morales-Rico's base offense level, because he pleaded guilty to a violation of 8 U.S.C. § 1326(a) and (b)(2), U.S.S.G. § 2L1.2 directed a base offense of 8. (2) Because Morales-Rico had been deported following a conviction for aggravated assault on March 4, 1996, in Hillsborough County, Florida, which is a crime of violence, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), his offense level was increased by 16 levels. (3) Because Morales-Rico accepted responsibility for his criminal conduct and because he notified the Government of his intent to plead guilty in a timely manner, pursuant to U.S.S.G. §§ 3E1.1(a) and (b), his offense level was reduced by 3 levels. (4) With an adjusted offense level of 21, and with a criminal history of category III, Morales-Rico had a guideline sentencing range

of 46 to 57 months. (Document No. 21).

On January 9, 2004, Morales-Rico was sentenced to a term of imprisonment of 56 months,[2] to be followed by a three year term of supervised release. In addition, his special assessment of $100.00 was waived. (Document Nos. 25, 26, 27, Transcript of Sentencing Hearing, Document No. 32). Judgment was entered on January 21, 2004. (Document No. 29). Thereafter, Morales-Rico appealed his conviction and sentence to the Fifth Circuit Court of Appeals. The Fifth Circuit affirmed Morales-Rico's conviction and sentence in an unpublished opinion on August 18, 2004. (Document Nos. 35, 36). Morales-Rico's petition for writ of certiorari was denied by the United States Supreme Court on November 29, 2004. (Document No. 37).

On March 29, 2005, Morales-Rico filed this § 2255 Motion to Vacate, Set Aside, or Correct

---

[2] At Morales-Rico's Sentencing, his counsel urged the Court to impose a sentence at the low end of the guidelines range. The Court, however, rejected Morales-Rico's argument that a sentence at the bottom of the guidelines was appropriate. The Court stated:
> Before the Court for sentencing is an illegal alien from Mexico who was discovered within the borders of the United States after a deportation that occurred subsequent to a felony aggravated assault conviction. Mr. Morales-Rico is no stranger to criminal activity in this county, as his criminal history profile indicates. His Criminal History Category 3 is perhaps misleading, since he has older convictions and other criminal conduct, namely repeated illegal entries into this country, which never factored into the criminal history computation. Most, if not all, of his prior misconduct has dangerous or reckless overtones, including assaults, DWI and weapons offense, and these perhaps are related to his alcohol consumption.
>
> He has two relatives in Texas and others at different locations in the United States. Many more relatives, including his parents, live in Mexico. Because he continues to come to the United States illegally and continues to perpetrate crimes once he's here, I believe a sentence toward the higher end of the guidelines is appropriate. Specifically, with credit for approximately one month time spent in administrative detention, a sentence of 56 months is appropriate as a means to satisfy the sentencing objectives espoused by the Sentencing Guidelines and to underscore the seriousness of his offense. (Document No. 32, Transcript of Sentencing, pp. 7-8).

Sentence (Document Nos. 38) and Memorandum in Support thereof (Document No. 39), in which he argues a violation of Due Process, Fifth Circuit and Sixth Amendment rights and cites to *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254 (2005), and *Almendarez-Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219 (1998). In addition, Morales-Rico raises a claim of ineffective assistance of counsel. According to Morales-Rico, counsel failed to object to the PSR's statement of the facts underlying his prior Florida conviction for aggravated assault. The Government has answered and filed a Motion to Dismiss. (Document No. 41). In connection, with the Motion to Dismiss, the Government moves to expand the record to include the affidavit of Assistant Federal Public Defender Brent Even Newton. The Government's request is GRANTED. The affidavit of Mr. Newton states:

> 1. My name is Brent Evan Newton. I am over the age of 18 and otherwise competent to make this affidavit.
>
> 2. I was the Assistant Federal Public Defender assigned to represent the defendant, Jose Mario Morales-Rico, in USA v. Morales-Rico, Cr. No. H-03-281 (S.D.Tex). I represented him at all stages of the proceedings before the district court, including at sentencing. At all times that I spoke to Mr. Morales-Rico outside of court, I used one of my investigators or a staff member of my office as a Spanish translator; when in court, I used the services of the official court translator.
>
> 3. I have reviewed the allegations in Mr. Morales-Rico's pro se § 2255 motion, in which he alleged that I provided him ineffective assistance of counsel. In particular, he appears to be contending that I provided ineffective assistance of counsel by not objecting to the presentence report's assertion that his 1996 Florida conviction for "aggravated assault" was a "crime of violence" (and "aggravated felony") for purposes to a sentence enhancement under 8 U.S.C. § 1326(b) and USSG § 2L1.2(b)(1). He specifically seems to complain that I failed to object for the reasons set forth in the plurality opinion and Justice Thomas's concurring opinion in *Shepard v. United States*, 125 S.Ct. 1254 (2005).
>
> 4. I have reviewed by file in Mr. Morales-Rico's case, including copies of the judgment and indictment in his Florida case. The indictment to which he pleaded guilty stated that he "intentionally" threatened violence against another person and

used a firearm to do so. My understanding of the law– both before and after *Shepard*- is that this version of "aggravated assault" is both an "aggravated felony" and "crime of violence" for sentence enhancement purposes in an illegal reentry case. Therefore, even today, I still see no basis for objecting to the sentence enhancement in this case on the ground that his Florida conviction was not a predicate offense under the statute and guideline enhancements.

5. Although Justice Thomas's 2005 concurring opinion in *Shepard* casts doubt on the facial constitutionality of 8 U.S.C. § 1326(b), his opinion has not yet been embraced by a majority of the Supreme Court. By early 2004- the time of Mr. Morales-Rico's sentencing – attorney's in my office repeatedly had challenged the facial validity of the sentencing enhancement set forth in § 1326(b) on appeal in numerous prior illegal reentry cases; in every such case the Fifth Circuit had rejected the argument and the United States Supreme Court has denied certiorari. I did not make such a "facial" challenge in Mr. Morales-Rico's case because I considered such a challenge to be futile under then extant law. Although Justice Thomas's concurring opinion in *Shepard* has breathed new life into that argument, *Shepard* had not been decided at the time of Mr. Morales-Rico's sentencing. (Document No. 41, Attachment A, Affidavit of Brent Newton).

The Government argues that the § 2255 should be dismissed on the merits because his challenge to the constitutionality of sentencing under 8 U.S.C. § 1326(b)(2), and the enhancements permitted to a sentence is foreclosed by *Almendarez-Torres*, in which the United States Supreme Court held that Congress intended to set forth a sentencing factor in 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. *Almendarez-Torres*, 523 U.S. at 235. In addition, the Government argues that counsel was not ineffective for failing to pursue claims that had no legal or factual support. (Document No. 41). This § 2255 proceeding is ripe for ruling.

## II. Discussion

### A. Almendarez-Torres Claim

Morales-Rico is not entitled to relief on his claim that the Supreme Court's decision in *Almendarez-Torres* was wrongly decided, and should be overruled. In *Almendarez-Torres*, the

Supreme Court held that the enhanced penalties in § 1326(b) were sentencing factors, rather than elements of separate offenses. *Almendarez-Torres*, 523 U.S. at 235 ("In sum, we believe that Congress intended to set forth a sentencing factor in subsection (b)(2) and not a separate offense."). Because *Almendarez-Torres* is law of the land, its holding must be followed until the Supreme Court decides otherwise, *see United States v. Izaguirre-Flores*, 405 F.3d 270, 277-78 (5th Cir.), *cert. denied*, 126 S.Ct. 253 (2005) (lower courts are "required to follow it "'unless and until the Supreme Court itself determines to overrule it.'") (citations omitted) (emphasis added), Morales-Rico's claim therefore fails.

### B. Ineffective Assistance of Counsel Claim

Claims of ineffective assistance of counsel are generally measured by the standard of *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must be able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that a fair trial could not be had. *Strickland*, 466 U.S. at 687. Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable. *Id.* at 687-88. The prejudice element requires a petitioner to prove that absent the disputed conduct of counsel, the outcome would have been both different and more favorable. *Id.* at 694-95. Under *Strickland*, a petitioner must establish both deficiency and prejudice prongs to be entitled to habeas relief. The failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995).

Under the deficiency prong of *Strickland*, judicial scrutiny of counsel's performance is "highly deferential" and "a strong presumption" is made that "trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson*

*v. Collins*, 950 F.2d 1054, 1064-65 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993) (citing *Strickland*). To overcome the presumption of competence, the petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland,* 466 U.S. at 690. Under the prejudice prong of *Strickland,* a petitioner must be able to establish that absent his counsel's deficient performance, the result of his trial could have been different. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

Constitutionally effective assistance of counsel under *Strickland* is not errorless counsel. The determination of whether counsel has rendered reasonably effective assistance turns on the totality of facts in the entire record. Each case is judged in light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defense. *Baldwin v. Maggio,* 704 F.2d 1325, 1329 (5th Cir. 1983), *cert. denied,* 467 U.S. 1220 (1984). The reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct. *Strickland,* 466 U.S. at 690. "We will not find inadequate representation merely because, with the benefit of hindsight, we disagree with counsel's strategic choices." *Kitchens v. Johnson,* 190 F.3d 698, 701 (5th Cir. 1999) (quoting *Green v. Johnson,* 116 F.3d 1115, 1122 (5th Cir. 1997)). In addition, conclusory allegations of ineffective assistance of counsel do not raise a constitutional question in a federal habeas petition. *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000), *cert. denied,* 531 U.S. 849 (2000) (citing *Barnard v. Collins,* 958 F.2d 634, 642 (5th Cir. 1992); *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983)).

As to the specific example of ineffective assistance of counsel which Morales-Rico cites to in support of his ineffectiveness claim, that counsel failed to object to PSR's assertion that his 1996

Florida conviction for "aggravated assault" was a "crime of violence" and an "aggravated felony" for purposes of a sentence enhancement under 8 U.S.C. § 1326(b) and U.S.S.G. § 2L1.2(b)(1), the record either affirmatively shows that Morales-Rico's counsel was not deficient or there is no evidence that the alleged errors prejudiced Morales-Rico within the meaning of *Strickland.*

With respect to Morales-Rico's contention that counsel was ineffective for failing to object to the PSR, the record shows that the indictment to which he pleaded guilty stated that he intentionally threatened violence against another person and used a firearm to do so.[3] As such, there was no basis for counsel to object to the 16 level enhancement under U.S.S.G. § 2L1.2(b)(1). Moreover, this challenge to the sentencing enhancement was foreclosed by the Supreme Court's decision in *Almendarez-Torres* and, notwithstanding Justice Thomas's concurring opinion in *Shepard v. United States*, 125 S.Ct. 1254 (2205), suggesting *Almendarez-Torres* be overturned, recent decisions by the Supreme Court that have applied *Apprendi,* have continued to reaffirm the prior conviction exception of *Almendarez-Torres*. *See Blakely,* 542 U.S. 296, 124 S.Ct. at 2536 ("Other than the fact of a prior conviction, any fact that increases the penalty beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 756 ("we affirm our holding in *Apprendi*: Any fact

---

[3] The PSR, ¶ 31 states:
According to court documentation, the defendant assaulted his spouse, Tammy Morales, and brother-in-law, Troy Yaeger, on November 6, 1995, with a Ruger .22 caliber rifle, during a domestic dispute. The defendant pointed the firearm at both victims and stated that they were going to die. The victims feared for their lives. The victims stated the defendant had the ability to do future violence to them. The defendant was arrested after the victims identified him and he identified himself as Mario R. Morales. The firearm was recovered and it was found to be unloaded. A second count of aggravated assault was nolle prossed, pursuant to a plea agreement. In Court, the defendant was represented by counsel. (Document No. 21).

9

(other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). Counsel was not deficient for failing to raise a frivolous argument. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."); *Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; It is the very opposite.").

### III. Conclusion and Recommendation

Based on the foregoing, and the conclusion no relief is available to Morales-Rico on his ineffectiveness of counsel claim and challenge to *Almendarez-Torres*, it is

ORDERED that the Government's Motion to Expand the Record is GRANTED and it is

RECOMMENDED that the Government's Motion to Dismiss (Document No. 41) be GRANTED, and that Movant Jose Mario Morales-Rico's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 38) be DENIED, and that this § 2255 proceeding be DISMISSED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking

factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 14th day of February, 2006.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE